UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :    PRELIMINARY ORDER OF
        - v. -                             FORFEITURE/
                                      :    MONEY JUDGMENT
CHRISTOPHER TATE,                     :
    a/k/a "Bag"                       :    S3 22 Cr. 640 (KMK)
            Defendant.
                                      :
------------------------------------- x

    WHEREAS, on or about November 9, 2023, CHRISTOPHER TATE, a/k/a "Bag"(the "Defendant"), among others, was charged in Superseding Indictment, S3 22 Cr. 640 (KMK) (the "Indictment"), with, *inter alia*, racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(d) and 1963 (Count One); narcotics trafficking, in violation of Title 21 United States Code, Sections 846 and 3137(Count Thirty-One);

    WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any and all interests the Defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described in the Indictment which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting or derived from proceeds obtained, directly and indirectly, from the racketeering activity alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Thirty-One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense charged in Count Thirty-One of the Indictment and any and all property, used or intended to be used, in any manner or part, to commit or facilitate the commission of the offense charged in Count Thirty-One of the Indictment, including by not limited to the sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Thirty-One of the Indictment;

WHEREAS, on or about November 7, 2024, the Defendant pled guilty to Counts One and Thirty-One, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Thirty-One of the Indictment and agreed to forfeit to the United States, a sum of money representing proceeds traceable to the commission of the offenses charged in Counts One and Thirty-One the Indictment;

WHEREAS, the Government asserts that $50,000 in United States currency represents all property, constituting or derived from proceeds traceable to the commission of the offenses charged in Count One and Thirty-One Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $50,000 in United States currency, pursuant to Title 18, United States Code, Section 1963 and Title 21, United States Code, Section 853, representing the proceeds traceable to the commission of the offenses charged in Counts One and Thirty-One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Thirty-One of the

Indictment that the Defendant personally obtained, cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Thirty-One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $50,000 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offenses charged in Counts One and Thirty-One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant CHRISTOPHER TATE and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. Upon entry of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: White Plains, New York
April 25, 2025

SO ORDERED:

_____
HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE