AO 245B (Rev. 09/19)    Judgment in a Criminal Case    (Form modified within District on October 3, 2024)
                        Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| Christopher Tate a/k/a "Bag" | ) Case Number: S3 22 CR 00640 (KMK) |
| | ) USM Number: 34078-510 |
| | ) David Bertan, Esq, |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 and 31

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1962(d) and 1963(a) | Racketeering Conspiracy | 11/2023 | 1 |

The defendant is sentenced as provided in pages 2 through ___ $8$ ___ of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    all open or pending    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/7/2025
Date of Imposition of Judgment

Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

4/22/25
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1A

Judgment—Page ___2___ of ___8___

DEFENDANT:  Christopher Tate a/k/a "Bag"
CASE NUMBER:  S3 22 CR 00640 (KMK)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846, 841(a)(1) and 841(b)(1)(A) | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances | 11/2023 | 31 |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  3  of  8

DEFENDANT:   Christopher Tate a/k/a "Bag"
CASE NUMBER:   S3 22 CR 00640 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

140 months for Counts 1 and 31 to run concurrent.  The Defendant has been advised of his right to appeal.


☑  The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant be designated as close to Newburgh, NY as possible but not MDC


☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

☐  at _____  ☐ a.m.  ☐ p.m.  on _____ .

☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on _____ .

☐  as notified by the United States Marshal.

☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                        Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___8___

DEFENDANT:   Christopher Tate a/k/a "Bag"
CASE NUMBER:   S3 22 CR 00640 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

4 years of supervised release for Counts 1 and 31, 4 years on each count to run concurrently

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
     Sheet 3A — Supervised Release

Judgment—Page   5   of   8

DEFENDANT:  Christopher Tate a/k/a "Bag"
CASE NUMBER:  S3 22 CR 00640 (KMK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page _6_ of _8_

DEFENDANT:   Christopher Tate a/k/a "Bag"
CASE NUMBER:   S3 22 CR 00640 (KMK)

## ADDITIONAL SUPERVISED RELEASE TERMS

It is recommended that the Defendant is to be supervised by the district of residence.

The Defendant shall submit his person, residence, place of business, vehicle, and any property, computers (as defined in 18 USC 1030( e )( 1) ), electronic communications, data storage devices and/or other media under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of the defendant's supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The Defendant will participate in an out-patient treatment program at the discretion of the Probation Officer, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the Probation Officer, based on ability to pay or availability of the third-party payment.

The Defendant shall participate in an out-patient mental health program approved by the U.S. Probation Office. The Defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The Defendant shall contribute to the costs of services rendered not covered by third-party payment, if the Defendant has the ability to pay. The court authorizes the release of available psychological and psychiatric evaluations and reports to the health care provider.

You shall not associate with or interact in any way, including through social media websites, with any gang members or associates, particularly members and associates of the YG Enterprise, or frequent neighborhoods (or "turf") known to be controlled by the gang, or any of its subsets, without permission of the Probation Officer.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
              Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___1___ of ___8___

DEFENDANT: Christopher Tate a/k/a "Bag"
CASE NUMBER: S3 22 CR 00640 (KMK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | | |
|---|---|---|---|---|
| TOTALS | $ | 0.00 | $ | 0.00 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Christopher Tate a/k/a "Bag"
CASE NUMBER: S3 22 CR 00640 (KMK)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __200.00__ due immediately, balance due

☐  not later than _____ , or
☐  in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*          Total Amount          Joint and Several Amount          Corresponding Payee, if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

See Order of Forfeiture attached

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                          :
UNITED STATES OF AMERICA
                                                          :    PRELIMINARY ORDER OF
          - v. -                                               FORFEITURE/
                                                          :    MONEY JUDGMENT
CHRISTOPHER TATE,
    a/k/a "Bag"                                           :    S3 22 Cr. 640 (KMK)
                        Defendant.
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

WHEREAS, on or about November 9, 2023, CHRISTOPHER TATE, a/k/a

"Bag"(the "Defendant"), among others, was charged in Superseding Indictment, S3 22 Cr. 640

(KMK) (the "Indictment"), with, *inter alia*, racketeering conspiracy, in violation of Title 18,

United States Code, Sections 1962(d) and 1963 (Count One); narcotics trafficking, in violation of

Title 21 United States Code, Sections 846 and 3137(Count Thirty-One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the

Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 1963, of any and all interests the Defendants acquired or maintained in violation of Title

18, United States Code, Section 1962; any and all interests in, securities of, claims against, and

property or contractual rights of any kind affording a source of influence over, the enterprise named

and described in the Indictment which the Defendant established, operated, controlled, conducted,

and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

any and all property constituting or derived from proceeds obtained, directly and indirectly, from

the racketeering activity alleged in Count One of the Indictment, including but not limited to a sum

of money in United States currency representing the amount of proceeds traceable to the

commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Thirty-One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense charged in Count Thirty-One of the Indictment and any and all property, used or intended to be used, in any manner or part, to commit or facilitate the commission of the offense charged in Count Thirty-One of the Indictment, including by not limited to the sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Thirty-One of the Indictment;

WHEREAS, on or about November 7, 2024, the Defendant pled guilty to Counts One and Thirty-One, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Thirty-One of the Indictment and agreed to forfeit to the United States, a sum of money representing proceeds traceable to the commission of the offenses charged in Counts One and Thirty-One the Indictment;

WHEREAS, the Government asserts that $50,000 in United States currency represents all property, constituting or derived from proceeds traceable to the commission of the offenses charged in Count One and Thirty-One Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $50,000 in United States currency, pursuant to Title 18, United States Code, Section 1963 and Title 21, United States Code, Section 853, representing the proceeds traceable to the commission of the offenses charged in Counts One and Thirty-One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Thirty-One of the

Indictment that the Defendant personally obtained, cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offenses charged in Counts One and Thirty-One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $50,000 in United States currency (the "Money Judgment"), representing the proceeds traceable to the offenses charged in Counts One and Thirty-One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant CHRISTOPHER TATE and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.    Upon entry of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated:     White Plains, New York
           April 25, 2025

                              SO ORDERED:

                              _____
                              HONORABLE KENNETH M. KARAS
                              UNITED STATES DISTRICT JUDGE